UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CREE, INC.,<br><br>                        Plaintiff,<br><br>  v.<br><br>FEIT ELECTRIC COMPANY, INC.,<br>FEIT ELECTRIC COMPANY, INC.,<br>(CHINA), UNITY OPTO TECHNOLOGY<br>CO., LTD. & UNITY<br>MICROELECTRONICS, INC.,<br><br>                        Defendants. | C.A. No. 15-cv-22<br><br>**JURY TRIAL DEMANDED** |

**MOTION TO STAY CREE'S CLAIMS PURSUANT TO 28 U.S.C. § 1659(a)**

Defendant Unity Microelectronics, Inc. ("UMI" or "Defendant") moves to stay all proceedings in this case until the resolution of a co-pending ITC Investigation involving the same parties, the same accused products and the same patents asserted by Cree, Inc. ("Cree") in this case. Pursuant to 28 U.S.C. § 1659(a), Defendant is entitled to a stay as of right on eleven of the thirteen counts alleged in Cree's complaint. The Court also has inherent power to issue a discretionary stay of the action with respect to the two remaining counts alleging infringement of two design patents that are not also present in the ITC investigation. Discovery in the ITC Investigation is likely to address the majority of the issues raised in this case, including issues relevant to Cree's design patent claims, so that discovery in this action would be unnecessarily duplicative. Also, resolution of the disputes in the ITC is likely to drive global resolution of the disputes between Cree and the Defendants.

**I.     INTRODUCTION**

Cree filed the Complaint in this action on January 12, 2015. Cree's claims allege that various of Defendants' products infringe one or more claims of U.S. Patent Nos. 6,657,236 ("the '236 patent"), 6,885,036 ("the '036 patent"), 6,614,056 ("the '056 patent"), 7,312,474 ("the '474 patent"), 7,976,187 ("the '187 patent"), 8,766,298 ("the '298 patent), 8,596,819 ("the '819 patent), 8,628,214 ("the '214 patent") (collectively the "Asserted Cree Utility Patents"). All of the Asserted Cree Utility Patents concern using light-emitting diodes ("LEDs") for lighting applications. Cree also alleges that the Defendants infringe U.S. Patent Nos. D653,266 ("the '366 patent") and D660,990 ("the '990 patent") (collectively "the Asserted Cree Design Patents"). *See* Dkt. #1 (Complaint) at ¶¶ 38-127. The Asserted Cree Design Patents cover designs for LED lamps. Finally, Cree asserts three unfair competition claims related to the Defendants' advertising materials, including allegations that the Defendants are violating Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a), Cree's rights under the common law of unfair

competition of the State of Wisconsin, and that the Defendants have been unjustly enriched and plaintiff damaged by the alleged false and misleading advertising. *See id.* at ¶¶ 128-155.

On the same day Cree filed its Complaint in this action, January 12, 2015, Cree filed a Complaint with the United States International Trade Commission ("ITC"), pursuant to Section 337 of the Tariff Act of 1930, as amended. Cree's ITC complaint requested that the ITC institute an investigation against Defendants, and alleged that Defendants infringe eight of the ten patents that Cree asserts in this Court. *See* Declaration of Yitai Hu in Support of Defendant Unity Microelectronics, Inc.'s Motion to Stay Cree's Claims Pursuant to 28 U.S.C. § 1659(a) ("Hu Decl."), Ex. 1 (Cree's ITC Complaint, without exhibits) at ¶¶ 71-94. Specifically, all eight of the Asserted Cree Utility Patents in this case are asserted in Cree's ITC Complaint. Cree did not assert the '366 and '990 patents, both of which are design patents, in the ITC Complaint. Thus, eight out of the ten the Asserted Cree Patents have been asserted against Defendants in both fora. Cree also alleged in the ITC that Defendants' advertising is false and misleading in violation of Section 43(a) of the Lanham Act and the federal common law of unfair competition. *Id.* at ¶¶ 96-106.

On February 12, 2015, the ITC instituted Investigation No. 337-TA-947, entitled *In the Matter of Certain Light Emitting Diode Products and Components Thereof* ("the 947 Investigation") based on Cree's ITC Complaint. The ITC formally named the same Cree, Feit and Unity entities that are parties to this action as Complainant and Respondents, respectively. A notice that the ITC instituted the 947 Investigation was published in the Federal Register on February 18, 2015. *See* Hu Decl. at Ex. 2 (Notice of Investigation as printed in the Federal Register). The ITC has determined that a sixteen month target date is appropriate and set the

2

target date for June 17, 2016. *See* Hu Decl. at Ex. 3 (Order No. 4: Setting Target Date and the Date for Submission of a Proposed Procedural Schedule).

Accordingly, pursuant to 28 U.S.C. § 1659 (a), Defendant invokes its right to stay the claims filed by Cree in this action with respect to all Defendants until the date that the ITC's determination in the 947 Investigation becomes final. Specifically, the Defendant elects to stay Cree's claims regarding the Asserted Cree Utility Patents, as well as Cree's unfair competition claims (counts I through VIII and XI through XIII) pursuant to 28 U.S.C. § 1659 (a). The Defendant also requests that the Court exercise its discretion and inherent power to stay the design patent claims (counts IX and X). The Defendant has met and conferred with Cree in respect to this motion. *See* Hu Decl. at ¶ 5. Although it previously suggested that it would not oppose if all the defendants in the case agreed to waive service of process, Cree now indicates that it does not oppose Defendant's motion to stay counts I through VIII and XI through XIII and reserves its position with respect to Defendant's motion to stay counts IX and X. *See id.*

## II.   ARGUMENT

### A.   Counts I - VIII and XI – XIII Involve the Same Issues and Must Be Stayed

28 U.S.C. § 1659(a) provides Defendant with the absolute right to stay ten of the twelve counts in this action pending the outcome of the concurrent proceedings before the ITC. Under 28 U.S.C. § 1659(a), a stay of the proceeding related to the Asserted Cree Utility Patents is mandatory upon the request of a Defendant, as an ITC Respondent in the 947 Investigation, because this proceeding involves the same patents and the same parties as the concurrent proceeding in the ITC:

> Stay. – In a civil action involving parties that are also parties to a proceeding before the [ITC] under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the [ITC] the district court stay, until the determination of the [ITC] becomes final,

3

Case: 3:15-cv-00022-wmc   Document #: 13   Filed: 03/20/15   Page 5 of 9

>proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the [ITC], but only if such request is made within –
>
>>(1) 30 days after the party is named as a respondent in the proceeding before the [ITC], or
>>
>>(2) 30 days after the district court action is filed, whichever is later.

28 U.S. C. § 1659(a) (emphasis added). *See, e.g., Proxim Inc. v. 3Com Corp., et al.*, 2003 WL 403348, *1 (D. Del. Feb. 21, 2003) (noting that "[g]iven the fact that [defendant] was also a respondent in an action brought before the ITC by plaintiff related to the same technologies, the court was required to stay this action pursuant to 28 U.S.C. § 1659"); *Universal Tool and Stamping Co. v. Ventra Group*, No. 1:97-CV-418, 46 U.S.P.Q 2d 1799, 1998 WL 303298, *1, N.D. Ind. Jan. 20 1998) ("[A] stay must (the statute says 'shall') be entered since there is no dispute that the claims here and those before the [ITC] involve the same issues."). Similarly, the unfair competition claims in Cree's Complaint in this case – counts IX and X – involve the same issues presented in the 947 Investigation pending in the ITC. As a result, the Court should stay at least counts I through VIII, and XI through XIII pursuant to 28 U.S.C. § 1659(a).

As required by the statute, Defendant is filing this request for a stay within thirty days of being named as a respondent in the 947 Investigation. *See* 19 C.F.R. § 210.10(b) ("An investigation shall be instituted by the publication of a notice in the FEDERAL REGISTER."). Where, as here, a Defendant files a timely request pursuant to 28 U.S.C. § 1659(a), the Court "shall stay" the civil action until the date that "the determination of the [ITC] becomes final." 28 U.S.C. § 1659(a).

### B. The Court Should Exercise Its Inherent Discretionary Authority to Stay Counts IX and X

The Court can, and should, exercise its discretion to stay Cree's claims related to alleged infringement of the Asserted Cree Design Patents.

A decision to stay litigation lies within the sound discretion of the court. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." (internal citations omitted)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 2545 (1936).  The general test for imposing a stay requires the court "to balance interests favoring a stay against interests frustrated by the action" in light of the "court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997), citing *Landis*. District courts routinely grant discretionary stays with respect to patent claims not asserted in the parallel ITC investigation where the same products and defendants are involved. *See, e.g., Sandisk Corp. v. Phison Elec. Corp.*, 538 F. Supp. 2d 1060, 1065 (W.D. Wis. 2008); *Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, 2005 WL 1126750, at *4 (N.D. Ohio 2005) (not reported in F. Supp. 2d).

#### 1. The substantial overlap of discovery and factual legal issues between the ITC claims and those in this action and the potential for the Investigation to simplify if not resolve this dispute favor staying the design patent claims.

All the accused products identified by name and number in the complaint with respect to both the utility patents and the design patents are LED light bulbs.  *See, e.g.*, Complaint, ¶ 42 ("the Feit/Unity 40W BPAG500DM bulb is an infringing products"), ¶ 114 ("the Feit/Unity

5

BPAG1600Dm bulb is an infringing product"). The patents that are asserted in this action but not in the ITC are design patents that cover designs for LED light bulbs. That the proceeding before the ITC will address infringement by the same products is a factor favoring a discretionary stay. *See Sandisk*, 538 F. Supp. 2d at 1066 ("in light of the overlap of products and issues, the cases are likely to overlap substantially in discovery and factual and legal disputes" such that allowing related claims to proceed while common claims were stayed pending the ITC proceeding would impose a burden on the court and on defendants). The ITC Investigation will also involve discovery regarding Plaintiff's "domestic industry" allegedly being harmed by Defendants' importation of the accused products, which will also be relevant to its damages for the alleged infringement of its design patents that cover Cree's LED light bulbs, illustrated on page 6 of the Complaint. In short, parallel proceedings in the ITC and on the design patent infringement claims pending in this Court would be unnecessarily duplicative, inefficient and burdensome.

Another factor favoring a stay of Cree's design patent claims pending the ITC Investigation is that it may help simplify or streamline the district court case. The ITC's claim constructions and decisions as to infringement or validity are not binding on this Court. *Texas Instruments, Inc. v. United States Int'l. Trade Comm'n*, 851 F.2d 342, 344 (Fed. Cir. 1988). However, the record developed in the ITC may prove useful to expedite proceedings in the District Court. *See Sandisk*, 538 F. Supp. 2d at 1067. Indeed, resolution of issues in the ITC investigation is likely to drive a global resolution of the disputes between Plaintiff and Defendants, in which case this Court might never need to expend judicial resources toward the resolution of the design patent claims. Additionally, if the ITC's decisions are appealed to the Federal Circuit, the district court will benefit from knowing the Federal Circuit's positions on

issues that will be re-litigated in the district court action, the Federal Circuit panels being subject to *stare decisis*.

Finally, this case is in its infancy. The Defendants have not answered Cree's Complaint yet, nor has Cree even served the Complaint on the Defendants. "Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Destination Maternity Corp. v. Target Corp.*, No. 12-56860, 2014 WL 1202941, at *6 (E.D. Pa. Mar. 24, 2014) (citations omitted). In this case, *all* of the work lies ahead of the parties. Accordingly, the first factor in the Court's analysis weighs in favor of granting a stay.

### 2. Plaintiff's interests would not be significantly frustrated by a stay of its design patent claims.

Litigating all of its patent claims in the ITC and some of them in this court simultaneously would be burdensome on Cree as well as on Defendants. The only injuries Plaintiff may point to are delays in its ability to seek preliminary injunctive relief and delays in collecting money damages in the event that it prevails on its design patent infringement claims. Even without a stay, however, it is unlikely that Plaintiff can establish the basis for a preliminary injunction and even if it did, the process would take several months. Delay in the ability to collect money damages is always the case when a stay is imposed, so alone it does not warrant denying the motion for a stay. *See Sandisk*, 538 F. Supp. 2d at 1067 (evaluating interests potentially frustrated by a stay).

### 3. A limited duration stay in a complex patent infringement case is consistent with the Court's duty to exercise timely jurisdiction.

As noted, the target date in the ITC Investigation is in June, 2016. Congress anticipated the imposition of stays in cases such as this one, having some claims in common with those in

the ITC investigation and other claims not raised in the ITC.  Recognizing that not every claim in a district court case will require stay under 28 U.S.C. § 1659, Congress stated, "the district court may use its discretionary authority to stay any other claims in the action before it."  H.R. Rep. No. 103-826(I), at 141, as reprinted in 1994 U.S.C.C.A.N. 3773, at 3913.  The delay in this court is outweighed by the ability to avoid subjecting the litigant and the Court to duplicative discovery in parallel proceedings.

### III.   CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court stay Cree's claims in this action with respect to all Defendants until the date that the determination of the ITC in Investigation No. 337-TA-947 becomes final.

Dated:  March 20, 2015                              Respectfully submitted,

s/ Christopher R. Liro
ANDRUS INTELLECTUAL PROPERTY LAW, LLP
Christopher R. Liro (WI 1089843)
chris.liro@andruslaw.com
100 E. Wisconsin Avenue, Suite 1100
Milwaukee, WI 53202
Tel:  (414) 271-7590
Fax:  (414) 271-5770

Yitai Hu
Yitai.Hu@alston.com
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone: 650-838-2020
Facsimile:  650-838-2001

*Counsel for Defendant Unity Microelectronics, Inc.*